Robert E. Dapper, Jr. (Pa. I.D. No. 46378)
Lyle D. Washowich (Pa. I.D. No. 84348)
Daniel J. Twilla (Pa. I.D. No. 93797)
BURNS WHITE LLC
Burns White Center
48 26th Street
Pittsburgh, PA 15222
*Attorneys for Defendant Progressive*
*Advanced Insurance Company*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GARY MOUYNIVONG, individually and on behalf of a class of similarly situated persons, | ) <br> ) CASE NO.: <br> ) |
| Plaintiff, | ) <br> ) JUDGE |
| v. | ) <br> ) |
| Progressive Advanced Insurance Company, | ) <br> ) |
| Defendant. | ) <br> ) |

**NOTICE OF REMOVAL**

Defendant Progressive Advanced Insurance Company ("Progressive") removes the above-captioned action from the Court of Common Pleas of Philadelphia County where it is now pending to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453. In support of removal Progressive states as follows:

**I.   BACKGROUND**

1. This putative class action is based on allegations that Progressive provides automobile insurance policies with stacked uninsured/underinsured motorist coverage and charges premiums to persons who have that coverage, regardless of whether they can actually benefit from "coverage stacking" under Pennsylvania law.

2. On May 24, 2022, Plaintiff Gary Mouynivong commenced this action against Progressive in the Court of Common Pleas of Philadelphia County, Case ID: 220502208.

3. Mouynivong asserts six causes of action against Progressive: Declaratory Relief (Compl. at ¶¶ 73–111); Return of Premiums (*id.* at ¶¶ 112–45); Unjust Enrichment (*id.* at ¶¶ 146–56); Violation of Pennsylvania Consumer Protection Law (*id.* at ¶¶ 157–65); Fraud (*id.* at ¶¶ 166–86); and Injunctive Relief (*id.* at ¶¶ 187–93).

4. In support of those causes of action, Mouynivong alleges Progressive "continuously, systematically, wrongfully and wantonly" issued policies with stacked uninsured/underinsured motorist coverage to single vehicle policyholders with no other household policies "knowing full well that these policies provided no stacking coverage benefit." (*Id.* at ¶ 45.)

5. Mouynivong also alleges Progressive "deliberately refus[ed]" to advise policyholders like him that they could not receive stacking coverage benefits. (*Id.*) Due to this, he and members of the class are purportedly "entitled to a return of the premiums charged for this stacking benefit." (*Id.* at ¶ 43.)

6. Mouynivong says Progressive charged him and members of the putative class "an additional premium for stacked uninsured and underinsured motorist coverage despite knowing … that no stacking coverage benefit was being provided." (*Id.* at ¶ 90.)

7. Mouynivong seeks to represent both himself and a class of "residents of the Commonwealth of Pennsylvania," including:

> … persons to whom the defendant, Progressive, issued a single vehicle motor vehicle policy in accordance with the MVFRL and where: (a) each class member owned a single vehicle with no other vehicles or motor vehicle policies in the household; (b) each member of the class was issued a motor vehicle policy by the defendant, Progressive, in the Commonwealth of Pennsylvania

> providing coverage in accordance with the MVFRL; (c) the defendant, Progressive, knew or should have known that each member of the class owned only a single vehicle; (d) the defendant, Progressive, knew or should have known that there were no other vehicles or policies in the household of each member of the class; (e) each policy issued by the defendant, Progressive, to each member of the class provided stacked uninsured and underinsured motorist coverages; (f) the defendant, Progressive, charged an additional premium for the stacked uninsured and underinsured motorist coverages provided under the policies issued to each member of the class; (g) the stacked uninsured and underinsured motorist coverage benefit under each policy issued the by the defendant, Progressive, to each member of the class was not available since there was actually no intra-policy stacking nor inter-policy stacking under those policies; (h) each member of the class paid additional premium for stacked uninsured and underinsured motorist coverage; and (i) each member of the class is entitled to a return of premiums from the defendant, Progressive, for this stacking coverage benefit that did not exist.

(*Id.* at ¶¶ 46, 48.)

## II.   JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

8.   The Class Action Fairness Act provides the federal courts with jurisdiction over class actions where: (1) the putative class consists of 100 or more individuals, (2) there is minimal diversity between a class member and a defendant, and (3) the aggregate amount in controversy plausibly exceeds $5,000,000. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5), & (d)(6).

### A.   The Number of Proposed Class Members Exceeds 100.

9.   First, the proposed class must consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5).

10.   To demonstrate this requirement, Progressive is entitled to rely upon allegations in the complaint. *See Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014) (citations omitted).

3

11. Mouynivong alleges that the "members of the class are so numerous that joinder of them is impracticable." (Compl. at ¶ 50.) He further alleges that "identification of the members of the class can be ascertained in and through discovery of the files and/or computer data of the defendant." (*Id.* at ¶ 51.)

12. Progressive may also assert facts in its notice of removal to prove the jurisdictional requirements are satisfied. *See Judon*, 773 F.3d at 500.

13. Mouynivong's definition of the class he seeks to represent is unbound to any temporal limit. But Progressive's preliminary analysis shows that in May 2022 alone Progressive Advanced insured—under single-vehicle polices with stacked UM and/or UIM coverage—approximately 90,000 vehicles in Pennsylvania.

14. The putative class here would be narrowed from this 90,000 figure due to factors beyond Progressive's knowledge. For example, persons having other household automobile policies appear to be excluded, (Compl. at ¶ 46), while persons with one vehicle on their policy are included (*Id.*).

15. Even assuming an extreme narrowing of the 90,000 figure, it is apparent from the allegations in the complaint, and given magnitude of Progressive's preliminary evaluation, that the proposed class consists of more than 100 members. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84–85 (2014).

16. Clearly the putative class, if certified, consists of 100 or more individuals, satisfying this first requirement for removal. 28 U.S.C. § 1332(d)(5).

**B.     Minimal Diversity of Citizenship Exists.**

17. The second requirement—minimal diversity—mandates that at least one putative class member "is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

4

18.     Mouynivong says he is a citizen of Pennsylvania. (Compl. at ¶ 1.)

19.     Progressive is an Ohio corporation with its principal place of business in Ohio.

20.     Accordingly, there is minimal diversity and this second requirement for removal is satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

**C.      The Amount in Controversy Plausibly Exceeds the Jurisdictional Minimum.**

21.     The third requirement is that the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

22.     To determine the amount in controversy, "the claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

23.     Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart*, 574 U.S. at 83. Progressive "does not need to prove to a legal certainty that the amount in controversy has been met." *Id.* at 88–89. Instead, Progressive "may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 89.

24.     Mouynivong alleges Progressive violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. § 201-1, *et seq.* ("UTPCPL"). (Compl. at ¶¶ 162–63.) The statutory damages under the UTPCPL are "$100 per violation." *E.g.*, *Bailey v. Ulta Salon, Cosmetics & Fragrance, Inc.*, 2:21-CV-00503-MJH, 2021 WL 1864031, at *2 (W.D. Pa. May 10, 2021); *see* 73 Pa. Stat. § 201-9.2(a) (allowing a plaintiff to recover "actual damages or one hundred dollars ($100), whichever is greater").

25.     It is possible then, assuming for purposes here that Mouynivong is successful on the merits and at class certification, that each class member would be entitled to at least $100 per violation of the UTPCPL. Based on a reasonable investigation, Progressive Advanced determined

5

that in Pennsylvania, at end of May 2022, it insured more than 90,000 vehicles under single-vehicle policies that provide stacked UM and/or UIM coverage. That is, a violation of the UTPCPL for each of these 90,000 policies would result in more than $5 million in aggregated statutory damages.

26. Mouynivong also seeks injunctive relief. (*See* Compl. at ¶¶ 187–93.)

27. Injunctive relief factors into the amount in controversy for purposes of removal. *See Barbiero v. Kaufman*, 580 F. App'x 107, 111 (3d Cir. 2014). The value of injunctive relief "is measured by the value of the right sought to be protected by the equitable relief." *Id.* (citing *In re Corestates Trust Fee Litig.*, 39 F.3d 61, 65 (3d Cir. 1994)).

28. Because the amount-in-controversy requirement is met by Mouynivong's potential relief under the UTPCPL, Progressive only notes the presence and value of Mouynivong's requested injunctive relief.

29. In sum, the amount in controversy requirement plausibly satisfied given the minimum statutory damages available under 73 Pa. Stat. § 201-9.2(a) multiplied by Progressive's preliminary evaluation of the potential number of putative class members. *See* 28 U.S.C. §§ 1332(d)(2), (d)(6).

**III.   PROCEDURAL REQUIREMENTS.**

30. Progressive received a copy of the complaint and summons on May 27, 2022, making this notice of removal timely. *See* 28 U.S.C. § 1446(b).

31. The Court of Common Pleas of Philadelphia County is within the Eastern District of Pennsylvania, making this Court a proper venue because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

32. As required by 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served on Progressive is attached as Exhibit 1.

33.     Immediately after filing this notice of removal, Progressive will provide written notice of the same to counsel for Mouynivong as required by 28 U.S.C. § 1446(d).

34.     Under 28 U.S.C. § 1446(d), Progressive will also promptly file a copy of this notice of removal with the Clerk of the Court of Common Pleas of Philadelphia County.

Based on the above, Progressive gives notice that the above-captioned action is removed to this Court from the Court of Common Pleas of Philadelphia County, and requests this action proceed as a case properly removed with no further proceedings in the State action.

Respectfully submitted,

*/s/Daniel J. Twilla*
Robert E. Dapper, Jr. (Pa. I.D. No. 46378)
Lyle D. Washowich (Pa. I.D. No. 84348)
Daniel J. Twilla (Pa. I.D. No. 93797)
BURNS WHITE LLC
Burns White Center
48 26th Street
Pittsburgh, PA 15222
Tel.:    (412) 995-3000
Fax:    (412) 995-3300
Email:  redapper@burnswhite.com
          ldwashowich@burnswhite.com
          djtwilla@burnswhite.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2022, a copy of the foregoing Notice of Removal was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Additionally, this Notice of Removal will be sent to the following counsel of record via U.S. Mail:

JAMES C. HAGGERTY, Esquire
HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.
1801 Market ST, Suite 1100
Philadelphia, PA 19103
(267) 665-8197

SCOTT B. COOPER, Esq.
SCHMIDT KRAMER P.C.
209 State Street
Harrisburg, PA 17101
(717) 232-6300

JONATHAN SHUB, Esquire
KEVIN LAUKAITIS, Esquire
SHUB LAW FIRM
134 Kings Highway East. 2nd Floor
Haddonfield, NJ 08033
(856) 772-7200

JOHN P. GOODRICH, ESQUIRE
JACK GOODRICH & ASSOCIATES
429 Fourth Avenue
Pittsburgh, PA 15219
(412) 261-4663

*/s/Daniel J. Twilla*

*Attorneys for Defendant Progressive Advanced Insurance Company*